UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| LAMEX FOODS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>AUDELIZ LEBRÓN CORP.; AUDELIZ<br>LEBRÓN, in his personal capacity, his wife,<br>and their conjugal partnership,<br><br>    Defendants. | Civil No. 09-2275 (JAF) |

**O R D E R**

Defendants timely move under Federal Rule of Civil Procedure 59(e) to alter or amend our judgment of February 5, 2010 (Docket No. 53). (Docket No. 64.) Plaintiff opposes. (Docket No. 68.)

We grant motions under Rule 59(e) where necessary to (1) correct manifest errors of law or fact; (2) consider newly-discovered evidence; (3) incorporate an intervening change in the law; or (4) otherwise prevent manifest injustice. See Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Defendants allege the following errors by this court: (1) no evidence supported our factual finding that Defendant Audeliz Lebrón Corp. ("ALC") owed 1.5% interest on the funds past due to Plaintiff; (2) any such interest was not due, given the consignment of said funds to

Civil No. 09-2275 (JAF)                                                                                                           -2-

a Puerto Rico court; (3) we had no jurisdiction to determine the proper creditor of the funds consigned; (4) we had no jurisdiction to issue our declaratory judgment; and (5) we rendered the declaratory judgment without permitting the parties to conduct discovery. (Docket No. 64.) Each allegation proves meritless.

First, our finding as to the 1.5% interest rate was grounded in the parties' submission of the relevant invoices, which were recognized in the parties' joint exhibit. (See Docket No. 43.) Printed on those invoices were the parties' contract terms, including the 1.5% interest rate. Even absent that evidence, we could have relied alone on the testimony of Plaintiff's president as to the relevant interest rate (see Docket No. 58 at 56-57).

Second, Defendants point to no agreement between the parties that said interest would not be due if one party consigned the funds pending litigation. (See Docket No. 64.) Absent any such agreement, we fail to see how Defendants' instigation of a lawsuit would affect Plaintiff's entitlement to the interest.

Third, Defendant Audeliz Lebrón testified that the funds consigned were attached to the relevant invoices between Plaintiff and ALC. (Docket No. 58 at 125-26; see also Docket No. 64 at 4.) Thus, our finding that ALC owed Plaintiff the amount due under those invoices—an issue properly before us—constituted a finding as to the proper owner of the consigned funds.

Fourth, Plaintiff requested declaratory judgment as to its relationship with ALC, and we properly granted same. (See Docket No. 53 at 10.) The effect of that finding on Defendants' dispute in the Puerto Rico court with George's Farms, Inc., which is not party to this matter, was never addressed by this court (see id.), and we decline to do so here.

Civil No. 09-2275 (JAF)                                                                                                  -3-

Finally, we reiterate that we gave sufficient notice of, and opportunity to object to, our decision to issue a judgment on the merits of Plaintiff's complaint. (See id. at 6 n.7; see also Docket No. 58 at 176-77.) Having received no such objection, we committed no manifest error in issuing our declaratory judgment.

For the foregoing reasons, Defendants are entitled to no relief under Rule 59(e). We, therefore, hereby **DENY** their motion to alter or amend our judgment (Docket No. 64).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 14th day of April, 2010.

                                                                     s/José Antonio Fusté
                                                                     JOSE ANTONIO FUSTE
                                                                     Chief U.S. District Judge