|  | UNITED STATES DISTRICT COURT |  |
|---|---|---|
|  | DISTRICT OF PUERTO RICO |  |
| LAMEX FOODS, INC., | | |
| Plaintiff, | | Civil No. 09-2275 (JAF) |
| v. | | |
| AUDELIZ LEBRÓN CORP.; AUDELIZ LEBRÓN, in his personal capacity, his wife, and their conjugal partnership, | | |
| Defendants. | | |

## OPINION AND ORDER

On January 26, 2010, we ordered Defendants to pay "any expense related" to the deposition of Audeliz Lebrón ("Lebrón"), due to their noncompliance with discovery obligations. (Docket No. 38.) Plaintiff thereafter filed a listing of said expenses, claiming $22,115 in attorney's fees and $13,268.22 in costs. (Docket No. 60.) Defendants oppose these claims arguing that (1) this sanction is unjust, for various reasons outlined below; and (2) the claimed expenses are unreasonable, unrelated or otherwise unrecoverable. (Docket No. 80.) Plaintiff replies. (Docket No. 84.)

### I.

### Sanction for Noncompliance with Discovery Obligations

The parties misconstrue this sanction as one falling under Federal Rule of Civil Procedure 37(a)(5). (See Docket Nos. 60; 80; 84.) This sanction was not the result of a granted motion to compel, as we did not compel the discovery Plaintiff requested. (See Docket No. 38.) We, therefore, are not obliged to award "expenses incurred in making the motion." See Fed.

Civil No. 09-2275 (JAF)

R. Civ. P. 37(a)(5). Instead, we construct an appropriate sanction given our authority under Rules 16 and 37 to combat failures to comply with scheduling orders and discovery deadlines. See Fed. R. Civ. P. 16(f) (authorizing sanction for failure "to obey a scheduling or other pretrial order"); 37(b)(2)© (authorizing sanction for failure to comply with a court order regarding discovery).[1] Indeed, our sanction here was based on Defendants' obstruction of a court-ordered deposition (see Docket No. 13).

Defendants argue that a sanction here is unjust because (1) they were "substantially justified" in refusing to cooperate during Lebrón's deposition; and (2) each party should bear its own costs—or alternatively, Plaintiff should be sanctioned—given Plaintiff's failure to produce its witness for a court-ordered deposition. (Docket No. 80 at 2-6.) First, we disagree that Defendants were justified in refusing to cooperate. As we never ordered limited discovery (see Docket No. 13), Defendants' refusal to discuss issues clearly related to Plaintiff's claims in this case constituted an improper obstruction of discovery. Defendants' misunderstanding as to our jurisdiction over those claims (see, e.g., Docket No. 80 at 2-4) does not excuse that failure to cooperate.

Second, we declined to sanction Plaintiff at Defendants' request (Docket No. 22), because we found that Plaintiff's behavior did not warrant sanction—we did not find Plaintiff's failure to produce its witness a strategic or careless frustration of the litigation process. In

---

[1] We note that in a diversity case, we may also award attorney's fees as a substantive right under Puerto Rico Rule of Civil Procedure 44.1(d), which authorizes such an award to a prevailing party when the defeated party "acted obstinately or frivolously." See, e.g., Renaissance Mktg., Inc. v. Monitronics Int'l, Inc., 673 F. Supp. 2d 79, 81-83 (listing First Circuit authority for this rule and describing application of Rule 44.1(d)).

Civil No. 09-2275 (JAF)

addition, Defendants' motion for sanctions was deficient in that it did not include the certification required by Rule 37(d)(1)(B).  (See Docket No. 22.)

## II.

### Award of Attorney's Fees and Costs

We now consider whether Plaintiff's claimed expenses were related to Lebrón's deposition,[2] reasonably incurred, and otherwise recoverable under this sanction. We review requests for attorney's fees for reasonableness. Cf. Wojkowski v. Cade, 725 F.2d 127, 130 (1st Cir. 1984) (requiring review for reasonableness in awarding attorney's fees awarded under 42 U.S.C. § 1988). Fees are presumptively reasonable where the requesting party has multiplied a reasonable hourly rate by the number of hours reasonably spent on litigation. See Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). A reasonable hourly rate is the rate prevailing in the relevant community, "taking into account the qualifications, experience, and specialized competence of the attorneys involved." Id. at 295. And the logged hours are reasonably spent on litigation unless "duplicative, unproductive, or excessive." Id.

**A.    Attorney's Fees**

First, we consider the hourly rates Plaintiff's attorneys charged. The timesheet reflects the work of five individuals, charging the following rates: Laura Beléndez-Ferrero at $175 per

---

[2] We note Plaintiff's implicit argument, based on its submission, that the time and expenses related to the canceled deposition of its own witness and to the making of the motion to compel were reasonably related to Lebrón's failure to cooperate at his deposition. (See Docket No. 60.) We reject that argument, however, given our intention to limit the sanction to expenses wasted on Lebrón's deposition itself and given our opinion that Plaintiff's attorneys were not faultless—either in their decision to halt discovery of Plaintiff's own witness or in their inability to clarify, without judicial intervention, Defendants' misunderstanding as to the proper scope of discovery in this case.

Civil No. 09-2275 (JAF)

hour; Fernando Rovira-Rullán at $180 per hour; Cristina Arenas-Solís at $150 per hour; and Yolisamar Vázquez and Yadira Rosario, each at $90 per hour. (See Docket No. 60-2.) Plaintiff's motion summarizes the education and work experience of Beléndez-Ferrero, Arenas-Solís, and Rovira-Rullán (see Docket No. 60 at 5 n.1), but does not discuss Vázquez or Rosario or the rates charged by any of the five. Plaintiff also submits an affidavit of Beléndez-Ferrero, who lists the rates charged but misstates the rates for paralegal work—the first clue we receive as to the capacity in which Vázquez and Rosario worked—and for Arenas-Solís. (Docket No. 60-4.) She does not address the reasonableness of those rates. (Id.) Finally, we receive an affidavit of Rafael E. Aguiló-Vélez, a commercial litigator in Puerto Rico, who opines—based on his professional experience, his familiarity with Plaintiff's attorneys' firm and credentials, and his review of the timesheet—that the fees charged were reasonable for this type of case. (Docket No. 60-5.) He makes reference to the rates for all individuals involved, except Vázquez. (Id.)

Defendants argue that the rates charged were unreasonable, but they offer neither authority nor evidence to support that position. (Docket No. 80 at 10-11.) Instead, they argue that we should reduce the rate for Plaintiff's failure to supply information as to the attorneys' credentials. (Id.) In short, Defendants point to no evidence undermining the veracity of Aguiló-Vélez' statement. Thus, we award Plaintiff attorney's fees at the hourly rates claimed.

Now we consider the time Plaintiff's attorneys logged. Upon review of the timesheet, we find that only two of the listed tasks were entirely related to the preparation for or taking of Lebrón's deposition: those listed as task IDs 166025 and 166410. (Docket No. 60-2.) Only five others—166987, 166400, 166999, 166403, and 166032—were even partially related. (Id.)

Civil No. 09-2275 (JAF)

As to these five, the time appears to be split between tasks related to the deposition and those related to attempted settlement of Plaintiff's claims. (Id.) We, therefore, reduce the time claimed in those five entries by half, to account for that split. We find all other tasks logged unrelated to the deposition and, therefore, unrecoverable.

Finally, we find the time logged for the tasks related to the deposition reasonable in all respects. In so doing, we reject Defendants' argument that Plaintiff's attorneys improperly logged time for menial tasks in quarter-hour increments and improperly logged time in half-hour or hour blocks. (See Docket No. 80 at 11.) The timesheet shows tasks grouped into multi-hour blocks, without separation into individual tasks. (Docket No. 60-2.) That being the case, we cannot discern, and decline to speculate as to, the increments Plaintiff's attorneys used for individual tasks. The lengthy task descriptions indicate meticulous timekeeping (id.), and we accept their record absent evidence to the contrary.

**B.    Costs**

As to the costs claimed, we find that only two clearly relate to Lebrón's deposition: $399.37 for transcription services and $810 for interpreter services (Docket No. 60-3 at 14-15). While the copying costs submitted do not specify their purpose and, therefore, might be related, we note that two of them postdate the deposition while the rest are dated well in advance of the dates on which Plaintiff's attorneys logged deposition preparation. (See id. at 3-4; Docket No. 60-2.) That being the case, we deem the claimed copying costs unrelated. The remaining claimed costs are denied as clearly unrelated.

Civil No. 09-2275 (JAF)

### III.

### Conclusion

In accordance with the foregoing, we hereby **GRANT IN PART** Plaintiff's claim for expenses related to Lebrón's deposition (Docket No. 60). We **ORDER** Defendants to pay $4,329.37 of the total expenses claimed.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 8th day of July, 2010.

                                                s/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                Chief U.S. District Judge